IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

**NATHAN GAUSTAD,**

Plaintiff,

Case No.__26-cv-736-wmc_____.
[TO BE ASSIGNED]

v.

**DANE COUNTY, WISCONSIN;**
**MADISON POLICE DEPARTMENT;**
**SHERIFF MAHALA GAILLARD, in her official capacity;**
**OFFICER FIRARY (Madison Police Department);**
**DEPUTY JACKSON (2nd Shift);**
**DEPUTY STRAIT (2nd Shift);**
**DEPUTY LARSON (3rd Shift);**
**DEPUTY VEGA;**
**DEPUTY BOICE;**
**SGT. BENNETT RICHARD;**
**LT. MOORE CHRISTOPHER;**
**WELLPATH LLC;**
**VIAPATH TECHNOLOGIES (d/b/a TELMATE/GETTINGOUT),**

Defendants.

**JURY TRIAL DEMANDED**

_____

## CIVIL RIGHTS COMPLAINT
## UNDER 42 U.S.C. § 1983

_____

## PRELIMINARY STATEMENT

Plaintiff Nathan Gaustad, acting pro se, respectfully files this Civil Rights Complaint pursuant to

42 U.S.C. § 1983 against the above-named Defendants to redress systemic, intentional violations

of his rights secured by the First, Fourth, and Fourteenth Amendments to the United States

Constitution, alongside supplementary state law tort claims. This action arises out of an unlawful arrest, the suppression of exculpatory evidence, a pervasive campaign of targeted retaliation, physical and emotional harassment, denial of access to the courts, failure to protect from self-harm, unconstitutional conditions of confinement, and deliberate indifference to serious medical and psychiatric needs.

## I. JURISDICTION AND VENUE

- This Court has subject-matter jurisdiction over Plaintiff's federal constitutional claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights actions).

- This Court exercises supplemental jurisdiction over Plaintiff's Wisconsin state law claims pursuant to 28 U.S.C. § 1367(a), because the state law torts arise out of the exact same nucleus of operative facts as the federal constitutional claims.

- Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant Dane County is a political subdivision located within this judicial district. All relevant omissions, operational events, and constitutional injuries occurred at the Dane County Jail facility in Madison, Wisconsin.

## II. PARTIES

- **Plaintiff NATHAN GAUSTAD** was, at all times relevant, an adult citizen of the United States, a resident of Wisconsin, and a pretrial detainee incarcerated within the custody of the Dane County Sheriff's Office at the Dane County Jail.

- **Defendant DANE COUNTY, WISCONSIN** is a municipal entity organized under the laws of the State of Wisconsin. It is responsible for the operation, staffing, financing, and policy-making oversight of the Dane County Jail.

2

- **Defendant MADISON POLICE DEPARTMENT** is a municipal law enforcement agency organized under the laws of the State of Wisconsin, responsible for the training, supervision, and policy-making oversight of its sworn officers, including Officer Firary.

- **Defendant SHERIFF MAHALA GAILLARD** is the chief executive law enforcement officer of Dane County, responsible for the enforcement of jail rules, administration of policy, and the training and supervision of all jail staff. She is sued in her official capacity.

- **Defendant OFFICER FIRARY** was, at all times relevant, acting as a sworn law enforcement officer for the Madison Police Department. He is sued in his individual and official capacities.

- **Defendants DEPUTY MATTSON, DEPUTY VEGA, DEPUTY JACKSON, DEPUTY STRAIT, DEPUTY LINDNER, DEPUTY BOICE, and DEPUTY LARSON** were acting as operational corrections deputies for the Dane County Sheriff's Office under color of state law. They are sued in their individual capacities.

- **Defendants SGT. RICHARD BENNETT, SGT. MICHAEL SINCLAIR, and LT. CHRISTOPHER MOORE** were processing and supervisory officials for the Jail. They directly rubber-stamped constitutional deprivations, ignored clear evidentiary trails, and insulated subordinates from structural transparency. They are sued in their individual and supervisory capacities.

- **Defendant WELLPATH LLC** is a private corporation contracted by Dane County to provide comprehensive medical and mental health services to inmates. It acts under color of state law for purposes of 42 U.S.C. § 1983.

3

- **Defendant CHARLES "CHUCK" MATZ** was a licensed clinical mental health professional employed by Wellpath LLC to provide psychiatric care within the Jail. He is sued in his individual capacity.

- **Defendant VIAPATH TECHNOLOGIES (d/b/a TELMATE/GETTINGOUT)** is a private telecommunications corporation contracted by Dane County to operate the mandatory network of interactive communication tablets inside the Jail. At all times relevant, ViaPath operated under color of state law, performing a traditional public function.

## III. STATEMENT OF FACTS

### A. Unlawful Arrest and 3-Month Suppression of Exculpatory Evidence (Fourth Amendment)

- On April 24, 2023, Plaintiff was arrested by Defendant Officer Firary and charged in Dane County Case No. 23-CF-1183 for felony strangulation based on false statements.

- At the time of arrest, independent physical evidence—specifically email communications and audio recordings—demonstrated Plaintiff acted purely in self-defense.

- Defendant Firary actively viewed portions of these exonerating emails but willfully disregarded them and failed to review audio/visual evidence before effectuating the arrest.

- Following booking, Plaintiff utilized the Jail's interactive tablets to systematically notify authorities that definitive, case-dispositive audio-video evidence was being preserved by a third party, Joel Hinrichs. This material was detailed to Jail records staff, the State Public Defender's office, and emailed to the Dane County District Attorney's Office in May 2023.

4

- Despite actual or constructive knowledge, the prosecution and investigating authorities turned a deliberate blind eye, leaving Plaintiff in severe pretrial confinement for over three months.

- On August 8, 2023, exactly one week before trial, the State of Wisconsin formally dismissed all charges on the merits because the exculpatory evidence completely destroyed their case.

## B. Retaliation, Spitting on Food, and Deprivation of Sanitation (First & Fourteenth Amendments)

- Throughout May, June, and July 2023, Plaintiff engaged in protected First Amendment activity by filing formal grievances regarding jail hygiene, illegal conduct, and structural corruption.

- In response, Defendants launched structural retaliation. On July 23, 2023, Plaintiff observed Defendant Deputy Strait serving trays without mandated hair coverings. When Plaintiff complained, Deputy Strait spat directly onto Plaintiff's food tray before serving it, stating, "Don't you dare complain."

- On July 21, 2023, Defendant Deputy Boice refused to wear a hair covering, directed explicit racial slurs at objecting inmates, and maliciously shut down all tablet and phone networks in pod 707 to suppress immediate administrative grievances.

- Defendant Jackson retaliated against Plaintiff for filing a grievance about hair in his food by arbitrarily stripping Plaintiff of tablet connectivity and restricting mandatory out-of-cell recreation time.

## C. Deliberate Indifference to Severe Mental Illness and Induced Self-Harm (Fourteenth Amendment)

5

- Plaintiff is clinically diagnosed with severe mental health conditions, including auditory schizophrenia. Upon booking, Plaintiff notified staff he required his active prescription of Risperidone.

- For over two months, Defendants Wellpath LLC and Matz failed to provide psychotropic medications or a psychiatric evaluation.

- Experiencing severe auditory hallucinations due to untreated decomposition, on July 8, 2023, Plaintiff rammed a rolled stick of paper deep into his left ear canal, causing massive swelling and immediate hearing loss.

- Defendant Matz responded to the cell but, rather than rendering emergency triage, accused Plaintiff of being "untrusting," engaged in an aggressive argument, and abandoned him without relief.

- On July 31, 2023, Defendant Deputy Jackson subjected Plaintiff to arbitrary lockdowns and taunted him regarding his mental deficiencies. Entering an acute psychotic crisis, Plaintiff lacerated his left forearm over a dozen times with a broken food plate while Deputy Jackson stood outside the cell bars, smiled, and intentionally delayed physical intervention.

**D. Unconstitutional Conditions of Confinement and Bodily Privacy Dehumanization (Fourteenth Amendment)**

- In mid-June and late July 2023, the shower drain in the disciplinary unit (716/715) was completely clogged, forcing Plaintiff to stand in deep pools of contaminated gray water mixed with bodily fluids. Defendants also supplied only ice-cold water for showers for weeks.

6

- On June 27, 2023, Defendant Deputy Vega launched a retaliatory cell sweep, forcing Plaintiff to surrender all clothing under threat of discipline. Plaintiff was left entirely naked and exposed inside his cell from 2:30 PM until 9:00 PM while deputies, female medical nurses, and inmate workers conducted rounds.

- That same morning, while Plaintiff was actively occupying the cell toilet, housing deputies brought an internal video camera to the door and explicitly video recorded his exposed genitalia and excretory functions under a fraudulent security pretext.

**E. Interference with Legal Mail and Denial of Access to the Courts (First & Fourteenth Amendments)**

- Plaintiff elected to proceed pro se. Defendant Deputy Mattson actively frustrated this right by refusing to copy exhibits, discarding requests, and asserting arbitrary fees.

- On June 26, 2023, Plaintiff submitted an urgent notary request to execute a "Notice of Claim and Injury" under Wis. Stat. § 893.82. Jail staff intentionally closed his request file without verification, causing Plaintiff to miss the absolute statutory deadline of July 3, 2023, irrevocably extinguishing his legal claims.

- Multiple pieces of outgoing legal correspondence dropped into the jail mail system were intercepted and never reached their destinations.

## IV. CAUSES OF ACTION

**COUNT I: 42 U.S.C. § 1983 - Malicious Prosecution & Unlawful Detention (Fourth and Fourteenth Amendments)** *(Against Defendants Officer Firary, the Madison Police Department, All Individual Deputy, and Supervisory Defendants)*

- Plaintiff realleges all prior paragraphs.

- Pretrial detainees have a clearly established constitutional right under the Fourth Amendment to be free from prolonged, arbitrary confinement lacking probable cause.

- Defendants held direct knowledge of definitive, objective audio-video evidence that totally exonerated Plaintiff in Case No. 23-CF-1183.

- By initiating the arrest despite viewing exculpatory evidence, suppressing it, and maintaining Plaintiff's severe incarceration for three additional months before dropping all charges, Defendants Officer Firary and the Madison Police Department (through its officers and policies) acted with objective malice and deliberate indifference to Plaintiff's constitutional liberty.

**COUNT II: First Amendment Retaliation (42 U.S.C. § 1983)** *(Against All Individual Deputy Defendants)*

- Plaintiff realleges all prior paragraphs.

- Plaintiff's submission of grievances, PREA filings, and declarations of intent to file federal litigation constitute protected core speech.

- Defendants took severe adverse actions calculated to deter a person of ordinary firmness from speaking—specifically withholding clothing, disabling tablets, spitting on meals, and ignoring self-harm.

**COUNT III: Fourteenth Amendment Due Process - Conditions of Confinement (42 U.S.C. § 1983)** *(Against All Jail Operations Defendants)*

- Plaintiff realleges all prior paragraphs.

- By forcing a pretrial detainee to live in cells coated in filth, stand in bacteria-ridden communal wastewater pools, wash in ice-cold water, and consume contaminated food,

Defendants imposed conditions lacking legitimate penological purpose that shock the conscience.

**COUNT IV: Fourteenth Amendment - Deliberate Indifference to Serious Medical and Psychiatric Needs (42 U.S.C. § 1983)** *(Against Defendants Wellpath LLC, Charles Matz, and Deputy Jackson)*

- Plaintiff realleges all prior paragraphs.

- Plaintiff's severe auditory schizophrenia and active self-mutilation constituted an objectively serious medical condition.

- Defendants acted with a highly reckless state of mind by denying medication for 60+ days, walking away from an ear-mutilation crisis, and passively smiling while Plaintiff sliced his arm.

**COUNT V: Fourteenth Amendment - Dehumanizing Invasion of Privacy / Sexual Harassment (42 U.S.C. § 1983)** *(Against Defendants Deputy Vega and Accompanying Shift Staff)*

- Plaintiff realleges all prior paragraphs.

- Forcing Plaintiff to remain entirely naked for over six hours during high-traffic windows, coupled with intentionally filming him using the toilet, constitutes an unreasonable invasion of bodily privacy designed to degrade and punish.

**COUNT VI: First and Fourteenth Amendments - Denial of Access to the Courts (42 U.S.C. § 1983)** *(Against Defendants Deputy Mattson and Jail Administration)*

- Plaintiff realleges all prior paragraphs.

- Defendants systematically blocked Plaintiff's ability to file timely legal actions by intercepting legal mail and suppressing notary verification, resulting in the permanent waiver of valid statutory claims.

**COUNT VII: Supplementary Wisconsin State Tort False Imprisonment & Malicious Prosecution** *(Against Defendants Dane County, Officer Firary, the Madison Police Department, Individual Deputies, and Supervisory Defendants)*

- Plaintiff realleges all prior paragraphs.

- Defendant Firary, acting within the scope of his employment with the Madison Police Department, and the Individual Defendants intentionally, unlawfully, and without any valid legal authority stripped Plaintiff's physical liberty and maintained his restraint for over three months after any legal justification for his arrest had completely dissolved.

- Defendants initiated and maintained criminal proceedings with actual malice, leading to extensive loss of liberty, profound psychological degeneration, and structural financial devastation, until the action was dropped in Plaintiff's favor on August 8, 2023.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nathan Gaustad respectfully requests that this Court enter judgment in his favor and against all named Defendants, granting the following legal and equitable relief:

- **A. Declaratory Judgment:** Stating that the acts, omissions, and policies detailed herein violate the First, Fourth, and Fourteenth Amendments to the United States Constitution.

- **B. Compensatory Damages:** Awarding full compensatory, economic, and non-economic damages against all Defendants, jointly and severally, in an amount to be determined at trial, to address the total loss of physical liberty, permanent hearing damage, extreme emotional distress, and destruction of personal stability.

- **C. Punitive Damages:** Awarding substantial punitive damages against Defendant Officer Firary, the Individual Deputy Defendants, Supervisory Defendants, and corporate actors

(Wellpath and ViaPath) to punish their shocking, malicious, and willful disregard for human safety and constitutional law.

- **D. Statutory Relief:** Awarding reasonable litigation costs, processing fees, and attorney's fees pursuant to 42 U.S.C. § 1988.

- **E. Equitable Adjustments:** Granting pre-judgment and post-judgment interest alongside any further restorative relief this Court deems just, proper, and necessary under the law.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all operational issues and causes of action so triable within this civil proceeding.

Dated this 10th day of August, 2026.

Respectfully Submitted,

NATHAN GAUSTAD, Plaintiff Pro se

11